RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0450p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JOHN DOES II & III,

       *Plaintiffs-Appellants,*

    *v.*

COL. PETER MUNOZ, in his official capacity as
Director of the MICHIGAN DEPARTMENT OF STATE
POLICE,

       *Defendant-Appellee.*

No. 06-2498

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 06-10214—Patrick J. Duggan, District Judge.

Argued: September 9, 2007

Decided and Filed: November 13, 2007

Before: CLAY and GIBBONS, Circuit Judges; HOOD, District Judge.[*]

---

## COUNSEL

**ARGUED:** Thomas Lazar, LAZAR CONSULTING SERVICES, Bingham Farms, Michigan, for Appellants. Ann M. Sherman, MICHIGAN DEPARTMENT OF ATTORNEY GENERAL, Lansing, Michigan, for Appellee. **ON BRIEF:** Thomas Lazar, LAZAR CONSULTING SERVICES, Bingham Farms, Michigan, for Appellants. Margaret A. Nelson, MICHIGAN DEPARTMENT OF ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

---

## OPINION

---

    JULIA SMITH GIBBONS, Circuit Judge. Plaintiffs-appellants John Does II–III appeal the district court's order dismissing their challenge to the constitutionality of Michigan's Setting Aside Convictions Act ("SACA"), Mich. Comp. Laws §§ 780.621-780.624 (2002), and Sex Offender Registration Act ("SORA"), Mich. Comp. Laws §§ 28.721-28.732 (2002). On appeal, plaintiffs contend that the district court erred when it found that they had suffered no substantive due process

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

or equal protection violations from the requirement that they register and appear on Michigan's Public Sex Offender Registry ("PSOR"). For the following reasons, we affirm the district court's decision.

## I.

The SACA allows a person convicted of not more than one crime to file an application with the convicting court for the entry of an order "setting aside" the conviction. Mich. Comp. Laws § 780.621(1). Certain convictions are not eligible for setting aside. *Id.* § 780.621(2). An application shall not be filed until at least five years following sentencing or completion of any term of imprisonment, whichever occurs later. *Id.* § 780.621(3). The court may enter an order setting aside the conviction if it determines that the circumstances and behavior of the applicant from the date of the applicant's conviction to the filing of the application warrant setting aside the conviction and that setting aside the conviction is consistent with the public welfare. *Id.* § 780.621(9). Upon entry of the order, "the applicant shall be considered not to have been previously convicted," except for purposes of registration under the SORA. *Id.* § 780.622(1), (3). A nonpublic record of the applicant's conviction is retained by the state police and is available to various government entities for use in determining whether the applicant is required to register under the SORA, *id.* § 780.623(2)(f), a use to which the applicant consents in his application, *id.* § 780.621(4)(f).

The SORA requires anyone "convicted" of an offense listed in § 28.722(e) to register as a sex offender. *Id.* § 28.723. As used in the SORA, "convicted" means, among other things, "[h]aving a judgment of conviction or a probation order entered in any court having jurisdiction over criminal offenses, . . . including a conviction subsequently set aside under [the SACA]." *Id.* § 28.722(a)(i). A conviction for criminal sexual conduct in the fourth degree is a listed offense requiring registration. *Id.* §§ 28.722(e)(x), 750.520e. The registration information is compiled into a database, the PSOR, from which the public can access the names, aliases, addresses, physical descriptions, birth dates, photographs, and specific offenses for all registered sex offenders in the state of Michigan. *Id.* §§ 28.728(2), (4), (6), 28.730(2), (3). Plaintiffs allege that they are residents of Michigan who were convicted of criminal sexual conduct in the fourth degree and that an order has been entered setting aside their convictions pursuant to the SACA.

Plaintiffs claim that (1) their inclusion on the PSOR violates their substantive due process right because their records, which are for all other purposes nonpublic, are included in the PSOR even though their convictions have been set aside pursuant to the SACA; and (2) that the SACA and the SORA violate their Equal Protection rights because they treat persons convicted of sexual offenses differently than persons convicted of other offenses. We consider each of these arguments in turn.

## II.

As we have previously explained, "The doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed has come to be known as substantive due process." *Bowers v. City of Flint*, 325 F.3d 758, 763 (6th Cir. 2003) (quoting *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216 (6th Cir. 1992) (citation omitted)). These limitations are meant to provide "heightened protection against government interference with certain fundamental rights and liberty interests." *Seal v. Morgan*, 229 F.3d 567, 574 (6th Cir. 2000) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). As a result, "Government actions that burden the exercise of those fundamental rights or liberty interests are subject to strict scrutiny, and will be upheld only when they are narrowly tailored to a compelling governmental interest." *Id*. at 574 (citing *United States v. Brandon*, 158 F.3d 947, 956 (6th Cir. 1998)); *see also Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 393 (6th Cir. 2005).

However, identifying a new fundamental right subject to the protections of substantive due process is often an "uphill battle," *Blau*, 401 F.3d at 393, as the list of fundamental rights "is short." *Seal*, 229 F.3d at 575. Thus, "When reviewing a substantive due process claim, we must first craft a 'careful description of the asserted right . . . .'" *Doe XIV v. Mich. Dep't of State Police*, 490 F.3d 491, 500 (6th Cir. 2007) (citing *Reno v. Flores*, 507 U.S. 292, 302 (1993)). To qualify, such rights must be "deeply rooted in this Nation's history and tradition," *Moore v. City of East Cleveland*, 431 U.S. 494, 503 (1977), or "implicit in the concept of ordered liberty," such that "neither liberty nor justice would exist if they were sacrificed. . . ." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (internal quotation marks omitted); *see also Doe XIV*, 490 F.3d at 500; *Blau*, 401 F.3d at 394.

Plaintiffs assert that inclusion on the PSOR burdens their right to privacy and creates difficulties in retaining housing, keeping and finding employment, pursuing educational opportunities, and pursuing family relationships. Plaintiffs thus conclude that their inclusion on the PSOR denies them substantive due process because it infringes on their fundamental right to privacy. In their privacy argument, plaintiffs particularly rely upon the interaction of the SORA registration requirement with the SACA provision which requires that the fact of their conviction be publicly unavailable after the convictions have been said aside.

In *Doe XIV*, we considered arguments similar to those of plaintiffs in this case. *See Doe XIV*, 490 F.3d at 497-99 (asserting right to privacy and deprivation of employment). The *Doe XIV* plaintiffs relied upon the interaction between the SORA registration requirement and Michigan's Holmes Youthful Trainee Act ("HYTA"), Mich. Comp. Laws § 762.11 *et seq.* (2002). *Doe XIV*, 490 F.3d at 500. The HYTA allows certain youthful offenders to plead guilty and complete a youth training program, during which the entry of a judgment of conviction is held in abeyance. Mich. Comp. Laws § 762.11. If the offender successfully completes the program, the charges are dismissed and there is no conviction. *Id*. § 762.14. A youthful sexual offender must nevertheless register for the PSOR. *Id*. § 762.14(3). As characterized by the *Doe XIV* panel, "the right asserted by the plaintiffs is that their HYTA records should be sealed and exempted from public disclosure because, at the conclusion of their youthful trainee status, the criminal charges against them were or will be dismissed." 490 F.3d at 500. Similarly, in this case, the right asserted by plaintiffs is a right to have their records exempted from public disclosure because a court order has set aside their convictions pursuant to the SACA.

Plaintiffs' argument that this case implicates a fundamental right fails for two reasons. First, plaintiffs are correct that their right to privacy in their records is statutorily created. *See* Mich. Comp. Laws §§ 780.622(1); 780.623(2). They fail to note, however, that the statute creates an exception to the privacy of records for the PSOR. *See* Mich. Comp. Laws §§ 780.622(3); 780.623(2)(f). Plaintiffs do not argue that this right has any other source and do not dispute the cases holding that they lack a fundamental right to privacy in information that is already public. *See, e.g.*, *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494-95 (1975) (stating that "the interests in privacy fade when the information involved already appears on the public record"); *McNally v. Pulitzer Pub. Co.*, 532 F.2d 69, 77 (8th Cir. 1976) (citing *Cox Broadcasting Corp.*, 420 U.S. at 494-95); *Kelly v. Sterling Heights*, 1991 U.S. App. LEXIS 24861, at *5 (6th Cir. October 16, 1991) ("Where the information disclosed is already public, there is no valid expectation of privacy because privacy interests diminish when the material involved is publicly available."). Here, plaintiffs' convictions were public and remained public because of the exception in the SACA for registration on the PSOR.

Second, *Doe XIV*'s rejection of the youthful offenders' substantive due process claims forecloses plaintiffs' substantive due process claims in this case. 490 F.3d at 500-02. The only meaningful distinction between this case and *Doe XIV* is that the *Doe XIV* youthful offender plaintiffs actually had a somewhat stronger claim of infringement of a fundamental right than our plaintiffs. In *Doe XIV*, the plaintiffs' records were not publicly available because their judgments

of conviction were not entered and their charges were ultimately dismissed, but the interaction of the SORA and the HYTA labeled them as sex offenders on the PSOR. *Id.* at 501. Although the court concluded that the PSOR disclosure "does not rise to the level of a substantive due process violation," it noted that the youthful sexual offenders' inclusion on the PSOR was "troubling" because the PSOR did not accurately reflect their status as individuals against whom charges had been dismissed. *Id.* Because the SACA leaves convictions intact for purposes of the SORA and thus the PSOR accurately reflects plaintiffs' status, no "troubling" aspect is present here. Under *Doe XIV*'s reasoning, therefore, plaintiffs here have not stated a claim of violation of a fundamental right.[1]

We conduct rational-basis review of statutes that do not implicate a plaintiff's fundamental rights. *LensCrafters, Inc. v. Robinson*, 403 F.3d 798, 806 (6th Cir. 2005). The question is whether the statute at issue is "rationally related to legitimate government interests." *Glucksberg*, 521 U.S. at 728. Reviewing the same statute, this court has already concluded that Michigan has a rational basis for publicizing plaintiffs' otherwise nonpublic criminal records. *Doe XIV*, 490 F.3d at 501; *see* Mich. Comp. Laws § 28.721a (stating that the purpose of the SORA and the PSOR is "to better assist law enforcement officers and the people of the state in preventing and protecting against the commission of future criminal sexual acts by convicted sex offenders"). Therefore, plaintiffs' substantive due process claim fails.

### III.

Plaintiffs also raise an equal protection challenge against the SACA and the SORA because they treat persons convicted of sexual offenses differently from persons convicted of other offenses. "The Equal Protection Clause prohibits states from making distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Wilson v. Morgan*, 477 F.3d 326, 333 (6th Cir. 2007) (internal quotation marks omitted). Plaintiffs make an attempt to argue that their claim should be reviewed under strict scrutiny. (Appellants' Br. 26. (citing only J. Nowak and R. Rotunda, *Constitutional Law* § 14.41, at 1082 (7th ed. 2004)).) Yet, notably, the cases upon which plaintiffs rely for striking down laws that make distinctions among ex-offenders each applied rational-basis review. *See Miller v. Carter*, 547 F.2d 1314, 1316 (7th Cir. 1977) (holding that "[s]uch distinctions among those members of the class of ex-offenders are irrational"); *Nixon v. Commw.*, 839 A.2d 277, 289 (Pa. 2003); *Mixon v. Commw.*, 759 A.2d 442, 451 (Pa. Commw. 2000). Plaintiffs have not asserted a fundamental right, as explained above, and are not members of a suspect class, *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999). Therefore, the challenged distinction is reviewed under the rational-basis test.

This court has already held that the state has a rational basis for treating sex offenders differently from other offenders by requiring them to register. *Id.* at 482-83. Therefore, plaintiffs again rely on the interaction of the SORA with the SACA. Plaintiffs argue that no rational basis exists for treating sex offenders differently from other offenders because, under the SACA, a court has determined that they are "not dangerous and . . . do not pose a threat to the public." To be accurate, under the SACA, the court makes only a determination "that setting aside the conviction is consistent with the public welfare." Mich. Comp. Laws § 780.621(9). However, when the state court finds that setting aside the conviction of a sex offender is consistent with the public welfare, it knows that the sex offender will continue to be subject to the registration requirements of the SORA. Therefore, the state court determines that a sex offender does not pose a threat to the public

---

[1] Plaintiffs obscure the correct analysis by urging us to apply the "stigma plus" test. That test applies only to *procedural* due process claims. *See Doe XIV*, 490 F.3d at 502 (stating that "The stigma-plus test is used to determine whether state action violates an individual's *procedural* due process rights") (emphasis added) (citing *Paul v. Davis*, 424 U.S. 693, 710 n.5 (1976)).

only to the extent that the offender remains on the PSOR. Furthermore, the state court's determination is not a guarantee that the offender poses no threat. Despite the determination under the SACA, it remains rational for Michigan to seek "to provide law enforcement and the people of [Michigan] with an appropriate, comprehensive, and effective means to monitor those persons who pose such a potential danger." *Id.* § 28.721(a). Therefore, plaintiffs' equal protection challenge fails.

IV.

For the foregoing reasons, we affirm the decision of the district court.