NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0285n.06

No.  09-5726

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**May 11, 2010**
LEONARD GREEN, Clerk

JIMMY SAIN,                                                    )
                                                              )
    Plaintiff-Appellant,                              )
                                                              )
v.                                                            )  ON APPEAL FROM THE UNITED
                                                              )  STATES DISTRICT COURT FOR
COMMISSIONER DAVE MITCHELL, in his official                   )  THE WESTERN DISTRICT OF
and individual capacity; FORMER COMMISSIONER                  )  TENNESSEE
GERALD NICELY, individually; COLONEL MIKE                     )
WALKER, individually,                                         )
                                                              )
    Defendants-Appellees.                             )
                                                              )
                                                              )
                                                              )

Before:  MARTIN, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  The Tennessee Department of Safety refused to reinstate trooper Jimmy Sain after he left his job to run for Mayor of a county.  Sain claims the refusal violated the Constitution.  The district court disagreed, and so do we.

I.

The federal Hatch Act bars state employees seeking elective office.  *See* 5 U.S.C. § 1502(a)(3).  Thus, in order to run for Mayor of Hardeman County, Tennessee, Sain left his job as a state trooper.  Sain alleges that his supervising Major and his Human Resources Manager each told him that the Department would return him to his position if he lost the race.  In the meantime, however, there emerged an unrelated controversy regarding political favoritism within the

Department. Allegedly, troopers who contributed to Governor Phil Bredesen's campaign received promotions at higher rates than other troopers. In response, Colonel Mike Walker of the Highway Patrol and Commissioner Gerald Nicely of the Department of Public Safety implemented a policy under which any trooper who ran for partisan political office would not be rehired.

Sain lost his race for Mayor. Per the policy described above, he was denied reinstatement as a state trooper. Sain then turned to the state courts for relief. His case was removed to federal court, and Sain revised his complaint to sue Commissioner Dave Mitchell, Former Commissioner Nicely, and Colonel Walker, in their official and individual capacities, for reinstatement and money damages for back pay, front pay, and compensatory damages. Sain's theory was that the defendants' refusal to reinstate him violated the First and Fourteenth Amendments of the Constitution, thereby giving rise to a cause of action under 42 U.S.C. § 1983. The defendants thereafter moved for summary judgment. The court granted the motion. This appeal followed.

## II.

We review de novo a district court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party. *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 584 (6th Cir. 2009). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

We first consider Sain's First Amendment claim. In the district court's view, that claim was precluded under *Carver v. Dennis*, 104 F.3d 847 (6th Cir. 1997). Sain reads *Carver* to mean only that an employee's decision to seek his *supervisor's* job is not protected by the First Amendment.

But that is too narrow a reading. We have instead described *Carver*'s holding as follows: "[D]ismissal because of candidacy does not violate the First Amendment, absent some showing that the termination was motivated by the employee's political beliefs, expressions, affiliation, partisan political activity, or expression of opinion." *Murphy v. Cockrell*, 505 F.3d 446, 450 (6th Cir. 2007).

That holding bars Sain's claim here. Indeed his claim is weaker than those in *Carver* and *Murphy*, because Sain left his job voluntarily and now claims an affirmative right to reinstatement, whereas the plaintiffs in those cases did not resign and thus sought merely to retain the status quo. The district court was correct, therefore, when it held that, under our precedents, the Department's refusal to reinstate Sain did not violate the First Amendment.

Sain also argues that he had a substantive due process right to reinstatement after running for political office. But even if Sain had some liberty interest in reinstatement, its infringement would be subject merely to rational-basis review unless the interest was one traditionally recognized as "fundamental." *See Does v. Munoz*, 507 F.3d 961, 966 (6th Cir. 2007). Sain does not argue that his putative interest is fundamental, but rather contends that the Department's policy is not rationally related to a legitimate governmental interest. We choose to analyze that aspect of his claim first.

The Department's rehiring ban need only be rationally related to a conceivable legitimate governmental interest. *See Fednav, Ltd. v. Chester*, 547 F.3d 607, 624 (6th Cir. 2008). The ban conceivably diminishes the appearance of political influence within the trooper service. It therefore has a rational basis. Sain argues that the interests cited by the Department are pretextual, given some earlier testimony in the case that cited different reasons for its refusal to reinstate him. But that dispute is beside the point for a substantive due process claim, since "it is constitutionally irrelevant

whether the conceivable interest actually underlay the enactment of the challenged provision." *See*

*id.* at 624-25. Thus, Sain's substantive due process argument fails as well.

The district court's judgment is affirmed.